UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TWO MEN AND A TRUCK/INTERNATIONAL, INC.,

    Plaintiff,

v.

T&S TRANSPORTATION, INC., et al.,

    Defendants.

CASE NO. C12-371RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff's motion to hold Defendants in contempt of the September 13, 2012 consent judgment that resolved this action. No one has requested oral argument or an evidentiary hearing. For the reasons stated below, the court DENIES the motion. Dkt. # 41.

## II. BACKGROUND

Plaintiff uses its "Two Men and a Truck" service mark in connection with its nationwide network of local moving franchises. Defendants, Ray Tanner and the company he owns and operates, used various permutations of the "Two Men and a Truck" phrase in promoting moving services in and around Everett, Washington. Plaintiff sued Defendants in March 2012 for trademark infringement and related violations of the law.

ORDER – 1

The parties resolved their disputes in a consent judgment that the court entered in September 2012. Dkt. # 38. The critical clause of that judgment, which includes a permanent injunction, is as follows:

> Defendants . . . are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from using the phrase or mark "Two Men and a Truck" or any colorable imitation thereof including without limitation "Two Men & a Truck", "2 Men and a Truck" and "2 Men & a Truck", whether alone or in combination with other terms such as "Special", in any manner whatsoever including, without limitation, print and internet advertising . . . . Defendants shall transition to use of the phrase "A Truck and Two Movers" by no later than September 20, 2012.

Sept. 13, 2012 Consent Judgment, Dkt. # 38 (emphasis and punctuation except ellipses in original). Plaintiff drafted the consent judgment with the assistance of counsel. Defendants, who had no counsel in this litigation, approved the judgment without modification. There is no indication that Defendants had the assistance of counsel.

Plaintiff contends that Defendants have violated and continued to violate the consent judgment. In September 2013, Plaintiff entered the phrase "two men and a truck seattle" into the Google search engine, which returned (among other things) a paid advertisement with the hyperlinked headline "Two Men & A Moving Truck" that linked to Defendants' website. The same search also returned two unpaid links with hyperlink headlines beginning with "T&S – Two Men and a Van 79.95 Special" that also linked to Defendants' website. Plaintiff's search for "two men and a truck everett" returned (among other things) a paid advertisement with the hyperlinked headline "Two Men & A Moving Truck – Special $79.95 PH with Free Boxes" that also linked to Defendants' website. When Plaintiff used Google to search for the phrase "a truck and two movers" on Defendants' website, it found no matching results. Instead, the results included numerous iterations of the phrase "Two Movers and a Truck."

Based on this evidence, Plaintiff moved for an order holding Defendants in contempt, requiring them to pay a $500 fine for each additional day of noncompliance

ORDER – 2

with the consent judgment, requiring them to cease using the phrase "Two Men & Moving Truck" and to use "'A Truck and Two Movers' to the exclusion of any other phrase as a mark in connection with Defendants' moving services business."

## III. ANALYSIS

A party requesting that a court hold another party in contempt must prove by clear and convincing evidence that the alleged contemnor violated a specific order of the court. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999). If the party succeeds, the burden shifts to the alleged contemnor to demonstrate that it substantially complied with the order, or complied with a good faith and reasonable interpretation of the order, or was unable to comply with the order. *Id.*; *Go-Video, Inc. v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 695 (9th Cir. 1993).

Plaintiff's prospects for success hinge on showing by clear and convincing evidence that Defendants violated the consent judgment. *See Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997). Consent judgments are hybrid rulings with "attributes of both contracts and judicial decrees." *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 236 n.10 (1975). They are the product of negotiation between the parties, and in that regard resemble contracts. *Id.* at 237 ("[S]ince consent decrees and orders have many of the attributes of ordinary contracts, they should be construed basically as contracts . . . ."). The court must interpret a consent judgment "as it is written, not as it might have been written had the plaintiff established his factual claims and legal theories in litigation." *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971); *see also Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996) ("Courts must find the meaning of a consent decree within its four corners, and not by reference to the court's purpose or the purpose of the party seeking to hold the other in contempt . . . .") (internal quotation omitted).

ORDER – 3

Plaintiff contends that the consent decree prohibits Defendants' use of the phrases "Two Men and a Van," "Two Men and a Moving Truck," and "Two Movers and a Truck" because they are "colorable imitations" of the phrase "Two Men and a Truck." That argument is plausible. Certainly some people would find those phrases to be "colorable imitations" of the phrase in question. But some people might find the phrase "colorable imitation" to be vague. Indeed, a person might well conclude that the phrase "A Truck and Two Movers," the very phrase that Plaintiff insists Defendants must use, to be a "colorable imitation" of "Two Men and a Truck." The phrase "colorable imitation" has a specific meaning in trademark law, *Wolfard Glassblowing*, 118 F.3d at 1322, but Plaintiff entered the consent decree with unrepresented Defendants who would have no reason to know the legal meaning of the phrase.

The consent judgment's only examples of "colorable imitations" of the phrase "Two Men and a Truck" are "Two Men & a Truck," "2 Men and a Truck," and "2 Men & a Truck." The consent judgment listed these examples "without limitation," but a reasonable person could conclude based on those examples that a "colorable imitation" of "Two Men and a Truck" required the use of words and symbols that amounted to that very phrase. Thus, a reasonable person could conclude that, for example, "Two Movers and a Truck" is not a "colorable imitation" of "Two Men and a Truck." Reasonable people might disagree, of course. But where there is a reasonable interpretation of the consent judgment under which Defendants did not violate it, Plaintiff has not met its burden to show contempt by clear and convincing evidence. *See Gates*, 98 F.3d at 471 (listing numerous possible meanings for "appropriate" care in consent decree), at 472 (finding decree "insufficiently specific to uphold the district court's contempt order").

The other alleged violation of the consent decree is Defendants' alleged failure to "transition to use of the phrase 'A Truck and Two Movers.'" Plaintiff ignores evidence that Defendants provided demonstrating that they made changes with Google's

ORDER – 4

advertising service on September 20, 2012 to change hyperlinked ad headlines from "Two Men & a Truck" to "Two Movers & Truck." Def.'s Opp'n (Dkt. # 43), Ex. B.[1] Plaintiff's evidence merely shows that a search of Defendants' website itself revealed no instances of the phrase "A Truck and Two Movers." That is not dispositive, because the consent judgment does not require Defendants to use the phrase on their website. The requirement that Defendants use the phrase "A Truck and Two Movers" *exclusively* (on their website or elsewhere) appears nowhere in the consent judgment. It merely requires "transition to the use of [that] phrase" by September 20, 2012. The evidence shows that Defendants did transition to the use of that phrase, and there is no clear and convincing evidence that they have ceased doing so. That they apparently have not used that phrase exclusively is no violation of the consent decree. Indeed, if the consent decree mandated the exclusive use of the phrase "A Truck and Two Movers," its prohibition on the use of "colorable imitations" of "Two Men and a Truck" would be superfluous.

Plaintiff drafted a consent judgment that is simply inadequate to squarely proscribe Defendants' conduct. If Plaintiff wished to prohibit the use of the phrase "Two Movers and a Truck" or "Two Men and a Moving Van," or to require the exclusive use of the phrase "A Truck and Two Movers," then it should have drafted the consent judgment more precisely. As matters stand, the court cannot hold Defendants in contempt. *See Gates*, 98 F.3d at 468 ("If an injunction does not clearly describe prohibited or required conduct, it is not enforceable by contempt.").

In reaching this conclusion, the court emphasizes to Defendants that the court suggests no opinion on whether Defendants' conduct is lawful. Defendants remain

---

[1] Mr. Tanner's company, T&S Transportation and Installation, Inc., is not represented by counsel, and therefore cannot appear in federal court. *See* Local Rules W.D. Wash. LCR 83.2(b)(3); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Mr. Tanner submitted identical oppositions to Plaintiff's motion both on his own behalf and on behalf of his corporation. The latter submission violates court rules, but the violation is immaterial. There is no material difference between Mr. Tanner's conduct and the conduct of his corporation for purposes of the motion before the court.

ORDER – 5

subject to consequences if they are infringing Plaintiff's trademarks or otherwise violating the law. The only question before the court is whether Defendants' conduct plainly violates the consent judgment. The court holds that it does not.

### IV. CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's motion to hold Defendants in contempt. Dkt. # 41.

DATED this 13th day of January, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 6